# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1152V
UNPUBLISHED

| | |
|---|---|
| ROBERT JAMISON,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 12, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Scott William Rooney*, Nemes, Rooney P.C., Farmington Hills, MI, for Petitioner.

*Althea Walker Davis*, U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION AWARDING DAMAGES**[1]

On August 8, 2018, Robert Jamison filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that his receipt of an influenza ("flu") vaccine on March 3, 2016, caused him to suffer a left-sided Shoulder Injury Related to Vaccine Administration ("SIRVA"). Petition at 2. Petitioner further alleges that he suffered the sequela of this injury for more than six months. Petition at 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 7, 2020, a ruling on entitlement was issued finding Petitioner entitled to compensation for SIRVA. On June 12, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $30,000.00 for his pain and suffering and $1,515.92 to satisfy a State of Michigan Medicaid Lien. Proffer

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

A. A lump sum payment of **$30,000.00** (for pain and suffering) in the form of a check payable to Petitioner; and

B. A lump sum payment of **$1,515.92**, representing compensation for satisfaction of the State of Michigan Medicaid lien, payable jointly to Petitioner and to:

>   **Equian**
>   **P.O. Box 32100**
>   **Louisville, KY 40232**
>   **Re: Robert Jamison - #31006348**
>   **Attention: Christopher Saunders**

**Petitioner agrees to endorse this payment to Equian.**

These amounts represent compensation for all damages that would be available under § 15(a). The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

>   s/Brian H. Corcoran
>   Brian H. Corcoran
>   Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ROBERT JAMISON,            ) <br>                                             ) <br>            Petitioner,         ) <br>                                             ) <br>       v.                              ) <br>                                             ) <br> SECRETARY OF HEALTH  ) <br> AND HUMAN SERVICES,  ) <br>                                             ) <br>            Respondent.       ) <br>                                             ) | No. 18-1152V <br> Chief Special Master <br> Brian H. Corcoran <br> SPU |

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On August 8, 2018, Robert Jamison ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 ("Vaccine Act" or "Act"), alleging that he suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine on March 3, 2016.  Petition at 1-2.  On April 7, 2020, the Secretary of Health and Human Services ("respondent") filed an Amended Vaccine Rule 4(c) Report advising that, in light of Chief Special Master Corcoran's Findings of Fact ruling that the onset of petitioner's left arm pain occurred within 48 hours of vaccination, and the medical evidence submitted in this case, respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act.  Amended Rule 4(c) Report at 5 (ECF #35).  That same day, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for his shoulder injury related to vaccine administration ("SIRVA").  *See* Ruling on Entitlement (ECF #36).

I. **Items of Compensation**

    A. Pain and Suffering

Based on the evidence of record, respondent proffers that petitioner should be awarded **$30,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B. Medicaid Lien

Respondent further proffers that petitioner, Robert Jamison, should be awarded funds to satisfy, in full, the State of Michigan Medicaid lien in the amount of **$1,515.92**, which represents satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Michigan may have against any individual as a result of any Medicaid payments the State of Michigan has made to or on behalf of Robert Jamison from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury, under Title XIX of the Social Security Act.

These amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II. **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through two lump sum payments as described below, and requests that the Chief Special Master's damages decision and the Court's judgment award the following:[1]

---

[1] Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

(A)  Petitioner's Damages

A lump sum payment of **$30,000.00** for pain and suffering in the form of a check payable to petitioner;

(B)  Medicaid Lien

A lump sum payment of **$1,515.92**, representing compensation for satisfaction of the State of Michigan Medicaid lien, payable jointly to petitioner and to:

>   Equian
>   P.O. Box 32100
>   Louisville, KY  40232
>   Re: Robert Jamison - #31006348
>   Attention: Christopher Saunders

Petitioner agrees to endorse this payment to Equian.

### III. Summary of Recommended Payments

| | | |
|---|---|---|
| a. | Lump sum payment to petitioner, Robert Jamison: | $30,000.00 |
| b. | Lump sum payment payable jointly to petitioner and Equian in satisfaction of the State of Michigan Medicaid Lien | $ 1,515.92 |

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

  s/Althea Walker Davis
ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-0515

DATED: June 12, 2020